UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ROSENDO GARCIA-NAVARRO,<br><br>　　　　　　Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent. | 4:16-CV-04072-KES<br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION<br>AND DISMISSING MOTION |

Movant, Rosendo Garcia-Navarro, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Docket 1. The matter was assigned to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014 standing order. Magistrate Judge Duffy recommends that Garcia-Navarro's motion be dismissed because his claims are time-barred and meritless. Docket 14.

The court's review of a Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

After de novo review, the court agrees with Magistrate Judge Duffy. To the extent Garcia-Navarro raises claims concerning his original sentence, these claims are time-barred and equitable tolling does not apply. To the extent Garcia-Navarro raises claims concerning the recalculation of his sentence after his sentence reduction, these claims are denied because there was no mistake made: a two point enhancement was applied at sentencing. *See USA v. Chantharath et al*, 4:10-cr-40004-KES-11 Docket 924 at 31. Finally, Garcia-Navarro's objections merely restate the arguments he raised in his petition and his supplement.

"A district court may deny an evidentiary hearing where (1) accepting the petitioner's allegations as true, the petitioner is not entitled to relief, or (2) 'the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.' " *Guzman-Ortiz v. United States*, 849 F.3d 708, 715 (8th Cir. 2017) (quoting *United States v. Sellner*, 773 F.3d 927, 929–30 (8th Cir. 2014)). Here, an evidentiary hearing is not required because the record contains the applicable dates of Garcia-Navarro's filings and shows that the district court applied the two point enhancement.

Before denial of a § 2255 motion may be appealed, a movant must first obtain a certificate of appealability from the district court. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). A certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(2). A "substantial showing" is one that demonstrates "reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court finds that Garcia-Navarro fails to make a substantial showing that the district court's assessments of his claims are debatable or wrong. Consequently, a certificate of appealability is not issued.

Thus, it is ORDERED

1. Garcia-Navarro's objections to the report and recommendation (Docket 16) are overruled.

2. The report and recommendation (Docket 14) is adopted in full.

3. The Government's motion to dismiss (Docket 12) is granted.

4. Garcia-Navarro's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Docket 1) is dismissed.

5. A certificate of appealability is not issued.

Dated May 15, 2017.

                                    BY THE COURT:

                                    /s/ *Karen E. Schreier*
                                    KAREN E. SCHREIER
                                    UNITED STATES DISTRICT JUDGE